## Case No. 11,703.

### REPPERT v. ROBINSON.

[Taney, 492.][1]

Circuit Court, D. Maryland. April Term, 1851.

MARITIME LIEN — EFFECT OF TAKING NOTE — OFFER TO SURRENDER — SEA NAVIGATION — ADMIRALTY PRACTICE— APPEAL—AMENDMENT.

1. The case of Ramsay v. Allegre. 12 Wheat. [25 U. S.] 611, commented on and explained.

2. The question whether a note or other security taken for a maritime contract is a bar to the admiralty jurisdiction or not. depends upon the effect which the note or other security has (by the laws of the place where it is made), upon the original contract. If it discharges and extinguishes it, and stands in its place, it puts an end to the admiralty jurisdiction; and the surrender of the note cannot renew the original debt, nor restore the admiralty jurisdiction over it.

[Cited in The Napoleon, Case No. 10,011.]
[See Allen v. King. Case No. 226.]

3. The case of Glenn v. Smith. 2 Gill & J. 508. is decisive upon the point that, in Maryland, taking a due-bill does not discharge the original contract. nor extinguish the remedy upon it; and therefore, a due-bill or promissory note taken in that state, is no bar to a recovery on the original cause of action. under a libel filed in admiralty, provided the due-bill or promissory note be produced and filed at the trial, and offered to be surrendered to the respondent.

[Followed in McKim v. Kelsey, Case No. 8,-861. Cited in The Napoleon, Id. 10.011.]

4. Where repairs are made upon a small vessel of twenty-seven or twenty-eight tons. engaged exclusively in transporting the products of the farms of the respondent, lying in Maryland, to the city of Baltimore, and a libel is filed against him to recover the value of those

---

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

repairs, alleging that they were useful and necessary for the vessel, and for her safety and navigation on the high seas, and this allegation is not denied, nor is any testimony taken in reference to it: *Held,* that whether a vessel be one of that class which is fitted for the navigation of the sea or not, is a question of fact, not of law, and if disputed, must be tried by the testimony of witnesses.

5. If the respondent mean to rely upon the character of the vessel in this respect, he must put it in issue by his answer, otherwise no evidence can be received upon the subject.

6. The manner in which the vessel is actually employed cannot affect the question of jurisdiction; it depends upon her character; if the repairs fitted her for the navigation of the sea, the contract was maritime; and it does not rest with the owner to confer or take away the admiralty jurisdiction, at his pleasure, by the mode or trade in which he afterwards employed her.

[Cited in The Wilmington, 48 Fed. 567.]

7. The circuit court, upon appeals from the court of admiralty, has the power to suffer amendments to be made to the pleadings, so as to let in new evidence and new grounds of defence.

8. But this power ought always to be exercised with caution, and for the purposes of justice, and to bring the merits of the controversy fairly before the court; it would hardly be consistent with these principles, to permit an amendment to be made, where the only effect it could produce would be, the defeat of the present suit, and driving the libellant to another forum to recover a claim, admitted to be due, and the justice of which is not disputed: *Held,* also, that the same objection applied to a defence raised in the circuit court, that the repairs were made by the libellant and another as partners, both of whom were still living, and both of whom had taken the benefit of the insolvent laws, since the work was done, and since the due-bill had matured; that it was purely a technical defence, and if it had been raised in the district court, the libel could have been amended so as to obviate the difficulty.

9. If it appeared on the proceedings that when the suit was brought, the due-bill was held by an assignee, and the suit was brought for his benefit, the admiralty-jurisdiction could not be maintained.

[Cited in The Champion, Case No. 2,583; The Napoleon, Id. 10,011; The Sarah J. Weed, Id. 12,350.]

10. The right to sue in admiralty upon claims of this description, is personal, and is maintained upon principles and reasons which do not apply to an assignee.

[Cited in The Champion, Case No. 2,583; The R. W. Skillinger, Id. 12,181.]

11. An assignment, after the suit was instituted, and after the court had taken jurisdiction of the case, would perhaps stand upon different grounds from an assignment made before.

12. The entry of a suit to the use of another has, in modern practice, been recognised in the Maryland courts of common law, as evidence of title in the party for whose use it is brought; but it is not, according to the established proceedings in courts of admiralty.

[Appeal from the district court of the United States for the district of Maryland.] In admiralty.

John Glenn, for libellant.

Neilson Roe, for respondent.

TANEY, Circuit Justice. This is a proceeding in personam, to recover the value of certain work and labor done, and materials found for the schooner Hamilton or Hamilton Bell, useful and necessary, as the libel alleges, for her safety and navigation on the high seas. The respondent is the owner of the vessel, and the repairs were made at his request, and amount to the sum of $155 02; these repairs were made in the port of Baltimore, to which the vessel belonged, and both the libellant and respondent were residing in this district at the time.

The answer admits that the work was done and the materials found, as stated in the libel; but avers that the respondent had adjusted and settled the amount by giving the libellant, before the filing of the bill, a promissory note or due bill, and that the money could not, therefore, be recovered in a court of admiralty. The respondent exhibits with his answer the account rendered by the libellant, charging him as debtor to Lewis F. Reppert & Co., at the foot of which is the following receipt: "Received the above bill, by due-bill, at ninety days, when paid will be in full. Lewis F. Reppert."

The libellant produced and filed, and offered to deliver up to the respondent, the promissory note or due-bill referred to in the answer. The record does not show by whom, or for what purpose, this due-bill was produced and filed in the district court; regularly this ought to have appeared on the record transmitted to this court; but proof has been offered here by the proctor for the libellant, that the note was produced and filed by him in the district court, and then and there offered to be delivered to the respondent, and it still remains on file there for the same purpose; and these facts are not disputed by the respondent. The note is as follows: "$155 02. Baltimore, June 27th, 1848. I acknowledge to be justly due to Messrs. Lewis F. Reppert & Co., the sum of one hundred and fifty-five dollars and two cents, for work and labor, and materials put on my schooner Hamilton Bell, of Baltimore, which I promise to pay in ninety days. Benjamin Robinson."

Upon this libel and answer, and the facts above stated, the district court dismissed the libel, without costs, being of opinion, it would seem, that as a promissory note or due-bill had been given for the amount due for the repairs, the court of admiralty had no jurisdiction. This is the only ground of defence taken in the answer, and the case appears to have turned upon it.

This question of jurisdiction has certainly been a disputed one in the courts of the United States; but I have always regarded it as settled by the case of Ramsay v. Allegre, 12 Wheat. [25 U. S.] 611. It is true, that the decision in that case was in favor of the respondent; but so far as the note was an obstacle to the recovery of the libellant,

the court place it upon the ground, that the note was outstanding and not surrendered; and the language used in the opinion of the court necessarily implies, that if the note had been surrendered by the libellant, it would not have been a bar to his recovery in the suit in admiralty. This inference is confirmed by the case of Andrews v. Wall, 3 How. [44 U. S.] 573, and the point is directly decided, in conformity with this opinion, in the case of The Chusan [Case No. 2,717].

Indeed, upon principle, independently of authority, it cannot be otherwise. The note is, undoubtedly, a common law contract, made on land and to be performed on land, and no suit could be maintained upon it in a court of admiralty; and if the note, by the law of the place where it is made, is a payment and satisfaction of the previous claim, there is no contract remaining in force over which an admiralty court can exercise jurisdiction. But the fact that the party has a remedy at common law, is not, of itself, necessarily, a bar to his remedy in admiralty; there are cases in which he may seek his remedy in either jurisdiction; and in this case, his right to sue in a court of common law, upon the original contract, was as perfect and undoubted as his right to sue upon the due-bill.

The title, therefore, of a party to a common law remedy, is no bar to the jurisdiction of the admiralty, and the decision against the libellant, in the case of Ramsay v. Allegre [supra], was not upon the ground of a defect of jurisdiction, but upon the ground that the note was outstanding and not surrendered. If he had been allowed to recover in the admiralty court, upon his original claim, the defendant might still have been subjected to another action, by an assignee of the note, in a court of common law, and thus compelled to pay the debt twice.

The question, therefore, whether a note or other security taken for a maritime contract, is a bar to the admiralty jurisdiction or not, depends upon the effect which the note or other security has (by the laws of the place where it is made), upon the original contract. If it discharges and extinguishes it, and stands in its place, undoubtedly, it puts an end to the jurisdiction of the court of admiralty; and the surrender of the note could not renew the original debt, nor restore the admiralty jurisdiction over it. But in the case before the court, it is very clear, that the due-bill did not discharge the original contract, nor extinguish the remedy upon it; the case of Glenn v. Smith, 2 Gill & J. 508, is decisive upon this point. I think, therefore, that the learned judge of the district court erred in his decision, and that the due-bill or promissory note was no bar to the recovery of the libellant, since it was produced and filed at the trial, and offered to be surrendered to the respondent.

Two other objections have been taken in this court, neither of which appears to have been relied on in the district court, and which I proceed to consider. The vessel, it appears, is a small one of twenty-seven or twenty-eight tons, and engaged exclusively in transporting the products of the farms of the respondent, lying in this state, to the city of Baltimore; and it is insisted, that this schooner is not, therefore, one of that class of vessels, the repairs of which fall within the jurisdiction of a court of admiralty. But this ground of defence, even if it would have been sufficient in the district court, cannot, upon the pleadings in this case, now be taken.

The libel charges that the repairs in question were useful and necessary for the vessel, and for her safety and navigation on the high seas, and this allegation is not denied in the answer, and indeed, is impliedly admitted. Now, whether a vessel is one of that class which is fitted for the navigation of the sea or not, is a question of fact, and not of law; if disputed, it must be tried and determined by the testimony of witnesses; and if a respondent means to rely upon the character of the vessel in this respect, he must put it in issue by his answer. But no such allegation has been made by the respondent in this case, and no evidence can, therefore, be received on the subject. As the case is presented by the libel and answer, the Hamilton must be regarded as a vessel suited to the navigation of the sea; repairs made upon her, in her home-port, fall within the rule laid down by the supreme court, in the case of The General Smith, 4 Wheat. [17 U. S.] 438; and the party making them is entitled to proceed against the owner, in personam, in the admiralty court, to recover the amount.

The manner in which the vessel is actually employed cannot affect the question of jurisdiction. It depends upon her character; if the repairs fitted her for the navigation of the sea, the contract was maritime; and it did not rest with the owner to confer or take away the admiralty jurisdiction, at his pleasure, by the mode or trade in which he afterwards employed her. Undoubtedly, the circuit court, upon this appeal, has the power to suffer amendments to be made to the pleadings, so as to let in new evidence, and new grounds of defence. But this power ought always to be exercised with caution, and for the purposes of justice, and to bring the merits of the controversy fairly before the court; and it would hardly be consistent with these principles, to permit an amendment to be made, where the only effect it could produce, would be the defeat of the present suit, and driving the libellant to another forum, to recover a claim which is admitted to be due, and the justice of which is not disputed.

The remaining objection taken here, is, that these repairs were made by Lewis F. Reppert & Co., and not by the libellant alone; and that the firm of Lewis F. Reppert & Co. was composed of Lewis F. Reppert and Peregrine Spencer; both of whom are still living, and both of whom have taken the

benefit of the insolvent laws of this state, since this work done, and the due-bill became payable. The same answer may be given to this objection that has been given to the ·preceding one. It is too late; it is not consistent with the answer; and does not go to the merits of the case; it is merely technical; and if it is founded in fact, and had been made in the district court, the libel could have been amended so as to obviate the difficulty. Neither Spencer, the partner, nor any person claiming under him, has interposed any objection to the individual claim of the libellant.

There appears, indeed, to have been an assignment endorsed on the due-bill, to William Hamilton, which is dated before these proceedings were instituted; but that endorsement is erased, and the due-bill was produced and offered to be surrendered and delivered up by the libellant; he must, therefore, be regarded as the lawful owner, and if it had been assigned, that it had again been returned to him. But if it appeared upon the proceedings, that when this suit was brought, Hamilton held this due-bill, as assignee, and the proceedings were instituted for his benefit. I do not think the admiralty jurisdiction could have been maintained; the right to sue in admiralty upon claims of this description is personal, and is maintained upon principles and reasons which do not apply to the assignee. The case, it is true, is now entered for the use of Hamilton, and the record has come up to this court with that entry upon it; but how or when he became interested, or what his interest is, does not appear. An assignment after the suit was instituted, and after the court had taken jurisdiction of the case, would perhaps stand upon different grounds from an assignment made before.

But however this may be, there is nothing now before the court to show that Hamilton has any right to the money; and I am not aware of any practice in courts of admiralty, which recognises this entry for the use of another. as any evidence of title in the party for whose use it is entered. In modern practice, it has been recognised in the courts of common law in this state, but it is certainly not according to the established proceedings in courts of admiralty. I, therefore, regard the libellant and respondents as the only parties whose rights are in controversy, or who are entitled to be heard, and shall decree accordingly. according to the principles hereinbefore stated. Decree for the libellant.